**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 5116.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

PETER JULIAN DEPAOLA,

       Debtor.
-----------------------------------------------------------------x

Chapter 7
Case No. 23-42634 (NHL)

**STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND LOREDANA DEPAOLA CONSENTING TO THE SALE OF THE REAL PROPERTY KNOWN AS, AND LOCATED AT, 7921 NARROWS AVENUE, BROOKLYN, NEW YORK**

   This Stipulation ("Stipulation") by and between Gregory M. Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of estate of Peter Julian DePaola ("Debtor"), and the Debtor's wife, Loredana DePaola ("Wife", along with the Trustee are "Parties"), consenting to the sale of the real property known, and located at, 7921 Narrows Avenue, Brooklyn, New York, Block 5976, Lot 4 ("Property") under the terms set forth herein.

## RECITALS

**I. Procedural Background**

   A. On July 26, 2023 ("Filing Date"), the Debtor, through counsel, filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York ("Court").

   B. Pursuant to the Order entered on November 20, 2023, the last day to file claims in the Debtor's chapter 11 proceeding was January 19, 2024. See ECF No. 30.

C. By Order of the Court dated July 17, 2024, the Debtor's Chapter 11 was converted to one under Chapter 7 of the Bankruptcy Code. See ECF No. 79.

D. Gregory Messer was appointed as the interim Trustee of the Debtor's estate, has since duly qualified and is the permanent Trustee administering the Debtor's estate.

E. On September 9, 2024, the Trustee and his retained counsel conducted the Meeting of Creditors pursuant to Bankruptcy Code section 341.

F. Pursuant to the so-ordered Stipulation entered on October 4, 2024, the Parties agreed that, among other things, the Trustee's time to file a complaint objecting to the Debtor's discharge pursuant to Bankruptcy Code section 727 shall be extended from October 21, 2024, through and including April 21, 2025, without prejudice to the Trustee's right to seek a further extension of such time. See ECF No. 116.

## II. The Property and Interests in the Property

G. During the Trustee's investigation of the Debtor's financial affairs, the Trustee discovered that, as of the Filing Date, the Debtor and his Wife own the Property, which is a residential home located in Bayridge, Brooklyn.

H. The Trustee has been advised that substantial equity exists in the Property, even when taking into consideration the Debtor's homestead exemption and his Wife's interest.

I. According to the title report and the Debtor's petition and schedules, there is one mortgage on the Property for approximately $500,000 held by TD Bank N.A. ("Mortgage") which as of September 24, 2024 TD Bank contends is owed $545,626.88.

J. The Parties engaged in arms-length settlement negotiations to have a consensual sale of the Property under the terms set forth herein.

## TERMS AND CONDITIONS

1. The recitals are incorporated herein by reference.

2. The Wife consents to the Trustee's sale of the Property under Bankruptcy Code sections 363 (b), (f) and (m), free and clear of all liens, claims and encumbrances and "As Is Where Is" with no representations or warranties ("363 Sale").

3. In In accordance with the 363 Sale, the Wife agree: (i) that the they shall execute such documents as directed by the Trustee in order to effectuate a sale of the Property, provided however that in the event that they do not execute such documents they each authorize the Trustee to act as attorney in fact to take all actions necessary and sign all the necessary documents to close on the sale of the Property; (ii) they will fully cooperate and not interfere with the sale process and/or marketing and sale of the Property; (iii) provide reasonable access, upon reasonable notice, to the Property throughout the sale process to prospective buyers or bidders; (iv) waive their right to object to the sale of the Property; and (v) to vacate the Property no later than Friday, July 25, 2025 ("Vacate Date").

4. If the Trustee does not sell the Property by the Vacate Date, the Debtor and his wife can stay at the Property past the Vacate Date; provided, however, the Wife agree to vacate 30 days prior to the scheduled closing date on the sale of the Property.

5. In connection with the 363 Sale, the Trustee shall pay (or reserve for payment) from the gross proceeds from the sale of the Property: (i) the administrative fees, expenses and commissions of the estate; (ii) the insurance payments made and to be made until the closing on the 363 Sale; (iii) the customary closing costs and any other costs necessary to close title on the sale of the Property; and (iv) all mortgages, real estate taxes, capital gains taxes or other taxes resulting from the sale, water charges and adjustments, judgments, liens and violations necessary

to close title on the sale of the Property. After payment of the items set forth in this paragraph, the remaining proceeds of 363 Sale shall be deemed the net proceeds ("Net Proceeds"). The auctioneer's compensation shall be a 5% Buyer's Premium to be paid on top of the sale price and not paid from the gross proceeds of sale.

6. Upon the closing of the 363 Sale, the Trustee and the Wife shall split the Net Proceeds as follows: (i) 50% of the Net Proceeds shall go to the estate; and (ii) 50% of the Net Proceeds shall be paid to the Wife. The Trustee shall pay the Debtor's homestead exemption from the estate's portion of the Net Proceeds.

7. After the closing of the 363 Sale, the Trustee shall pay to the Debtor his homestead exemption from the estate's portion of the Net Proceeds with ten (10) business days from clearance of the purchase price from the 363 Sale in the estate's account.

8. In the event the Court declines to approve this Stipulation, the Stipulation shall become null, void, and of no further force or effect and nothing contained herein shall be deemed an admission by any of the Parties.

9. This Stipulation sets forth the entire agreement between the Parties and fully supersedes all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

10. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

11. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

12. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Party or client and have obtained all necessary approvals, but the Trustee's authority to bind the Estate to the settlement is subject to approval by the Court.

13. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

14. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: February 26, 2025
      Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Gregory M. Messer, Trustee

By: *s/ Jacqulyn S. Loftin*
    Jacqulyn S. Loftin, Esq.
    3305 Jerusalem Avenue, Suite 201
    Wantagh, New York 11793
    Telephone: 516.826.6500

Date: February 20, 2025
      Brooklyn, New York

By: *s/ Loredana DePaola*
    Loredana DePaola, Wife