**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 5116.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

PETER JULIAN DEPAOLA,

     Debtor.
----------------------------------------------------------------x

Chapter 7
Case No. 23-42634 (NHL)

# STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND THE DEBTOR SETTLING THE ESTATE'S INTEREST IN AND TO THE REAL PROPERTY KNOWN AS, AND LOCATED AT, 7921 NARROWS AVENUE, BROOKLYN, NEW YORK

  This Stipulation and Order ("Stipulation") by and between Gregory M. Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of estate of Peter Julian DePaola ("Debtor") and the Debtor (the Trustee and Debtor are "Parties") settling the estate's interest in and to the real property known, and located at, 7921 Narrows Avenue, Brooklyn, New York, Block 5976, Lot 4 ("Property") under the terms set forth herein.

## RECITALS

**I.  Procedural Background**

  A.  On July 26, 2023 ("Filing Date"), the Debtor, through counsel, filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York ("Court").

  B.  Pursuant to the Order entered on November 20, 2023, the last day to file claims in the Debtor's chapter 11 proceeding was January 19, 2024. See ECF No. 30.

C. By Order of the Court dated July 17, 2024, the Debtor's Chapter 11 was converted to one under Chapter 7 of the Bankruptcy Code. See ECF No. 79.

D. Gregory Messer was appointed as the interim Trustee of the Debtor's estate, has since duly qualified and is the permanent Trustee administering the Debtor's estate.

E. On September 9, 2024, the Trustee and his retained counsel conducted the Meeting of Creditors pursuant to Bankruptcy Code section 341.

F. Pursuant to the Order entered on March 28, 2025 ("Sale Procedures Order"), the Court approved, among other things, the settlement with the wife for the consensual sale of the Property, the terms and conditions of the public sale of the Property and the Notice of Sale. See ECF No. 138.

## II. The Property and Interests in the Property

G. During the Trustee's investigation of the Debtor's financial affairs, the Trustee discovered that, as of the Filing Date, the Debtor and his wife, Loredana DePaola ("Wife"), own the Property, which is a residential home located in Bayridge, Brooklyn.

H. The Trustee has been advised that substantial equity exists in the Property, even when taking into consideration the Debtor's homestead exemption and his Wife's interest.

I. According to the title report and the Debtor's petition and schedules, there is one mortgage on the Property for approximately $500,000 held by TD Bank N.A. ("Mortgage") which as of September 24, 2024, TD Bank contends is owed $545,626.88.

J. Pursuant to the Sale Procdedures Order, on Monday, June 9, 2025 through Wednesday, June 11, 2025, the Trustee, through its retained real estate broker, Maltz Auction Inc., conducted an online auction for the sale of the property under Bankruptcy Code section 363(b) and (f) ("Public Auction"). See ECF No. 138.

K. The Public Auction procured a highest and best offer of $3,200,000 for the Property.

L. Throughout the Public Auction, the Parties engaged in arm-length negotiations to settle the estate's interest in and to the Property.

M. As a result of those efforts, the Parties settled the estate's interest in and to the Property under the terms herein.

### TERMS AND CONDITIONS

1. The recitals are incorporated herein by reference.

2. The Debtor has agreed to pay the Trustee a settlement sum amount of $1,400,000 ("Settlement Sum") in full satisfaction of the estate's interest in and to the Property under the terms herein.

3. The Settlement Sum shall be paid as follows: (i) a 10% deposit in the amount of $140,000 to be paid by 10:00 a.m. (EST) on Wednesday, June 25, 2025 ("Deposit"); and (ii) the balance of the Settlement Sum in the amount of $1,260,000 ("Balance") within thirty (30) days of execution of this Stipulation, but no later than **July 18, 2025**.

4. Upon execution of this Stipulation, the Debtor shall provide the Trustee with proof of funds for the Deposit and Balance of the Settlement Sum. This Stipulation and the payment of the Balance are not contingent upon financing.

5. The Trustee shall hold the Deposit in a segregated account subject to Court approval of this Stipulation. Upon the Court's approval of this Stipulation, the Deposit shall be deemed property of the estate under Bankruptcy Code section 541. Further, if the Debtor fails to pay the Balance of the Settlement Sum as set forth herein, the Trustee shall retain the Deposit, and the Debtor waives all rights, title and interest in and to the Deposit.

6. In the event the Court does not approve this Stipulation, the Trustee shall return the Deposit to Debtor within five (5) business days of the Court entering an Order denying the approval of this proposed settlement.

7. Under this settlement, the Debtor waives his right to a homestead exemption.

8. Under this settlement, the Debtor take this Property subject to the Mortgage, any outstanding real estate taxes and any outstanding amounts owed to the utility companies that was incurred after the Filing Date.

9. The estate shall bear the responsibility for the outstanding amounts owed to the utility companies prior to the Filing Date. The Settlement Sum is inclusive of all chapter 7 administrative expenses, including, the Trustee's commissions and all professional fees, including but not limited to, any amounts paid to Maltz Auction, Inc. on account of the sale of the Property.

10. In the event the Court declines to approve this Stipulation, the Stipulation shall become null, void, and of no further force or effect, and the Trustee reserves the right to proceed with the sale of the Debtor's Property under Bankruptcy Code section 363.

11. This Stipulation sets forth the entire agreement between the Parties and fully supersedes all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12. This Stipulation shall be binding upon the Parties, their respective heirs, executors, successors, administrators and assigns.

13. This Stipulation may not be amended or modified other than in writing executed by each of the Parties.

14. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of their respective Party or client and have obtained all necessary approvals, but the Trustee's authority to bind the Estate to the settlement is subject to approval by the Court.

15. This Stipulation may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

16. The Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: June 25, 2025
    Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel to Gregory M. Messer, Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500

Date: June 17, 2025
    Brooklyn, New York

By: *s/ Peter Julian DePaola*
Peter Julian DePaola, Debtor