UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                          Chapter 7

PETER JULIAN DEPAOLA,                          Case No.: 23-42634 (NHL)

                Debtor.
------------------------------------------------------------------x

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CHAPTER 11 ADMINISTRATIVE EXPENSE CLAIMS THAT AROSE FROM JULY 26, 2023 THROUGH AND INCLUDING JULY 16, 2024 AND APPROVING FORM, MANNER OF NOTICE AND PROCEDURES THEREOF**

Upon the *ex parte* application ("Application")[1] of Gregory M. Messer, as the Chapter 7 Trustee ("Trustee") for the estate of Peter Julian DePaola ("Debtor"), seeking entry of an Order, pursuant to Bankruptcy Code sections 501, 503 and 507 and Bankruptcy Rule 2002 and 3003(c)(3): (i) establishing **September 5, 2025** as the Chapter 11 Bar Date by which all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert Chapter 11 administrative expense claims against the Debtor, which arose from July 26, 2023 through and including July 16, 2024 ("Chapter 11 Administrative Claims" and each a "Chapter 11 Administrative Claim"), must file proofs of such Chapter 11 Administrative Claims; (ii) approving the form and manner of notice of the Chapter 11 Bar Date and procedures for filing proofs of Chapter 11 Administrative Claims against the Debtor's estate; and (iii) granting such other and further relief as is just and proper; and it appearing that the relief requested is in the best interests of the Debtor, the Debtor's estate, and creditors of the Debtor; and after due deliberation and good and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the same definition ascribed to them in the Application.

**ORDERED**, that except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units) that assert a Chapter 11 Administrative Claim against the Debtor which arose from July 26, 2023 through and including July 16, 2024 (inclusive of such dates) shall file a proof of such Chapter 11 Administrative Claim in writing or electronically through the Court's Official Court Electronic Document Filing System ("CM/ECF") so that it is received on or before **September 5, 2025**; and, it is further

**ORDERED**, that the following procedures for the filing of Chapter 11 Administrative Claims shall apply:

1. proofs of Chapter 11 Administrative Claims must conform substantially to form annexed as Exhibit B to the Motion to Set Last Day to File Administrative Proofs of Claim

2. attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of Chapter 11 Administrative Claims electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system may file their proofs of Chapter 11 Administrative Claims:

    a. by mailing or delivering the original proof of Chapter 11 Administrative Claim to the United States Bankruptcy Court Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722; or

    b. electronically at: https://www.nyeb.uscourts.gov/electronic-filing-proofclaim-epoc by selecting "File Proof of Claim (ePOC)." This application does not require a login and password;

3. proofs of Chapter 11 Administrative Claims will be deemed filed only when received by the Clerk of the Bankruptcy Court on or before the Chapter 11 Bar Date;

4. proofs of Chapter 11 Administrative Claims must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as

to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

and, it is further

**ORDERED**, that any request in this Chapter 7 case for allowance of an administrative expense for the value of goods delivered to the Debtor in the ordinary course of Debtor's business within twenty (20) days prior to the commencement of the case pursuant to Bankruptcy Code section 503(b)(9) shall be made by written motion filed with the Court no later than **September 5, 2025** and such failure to file a timely request for allowance of such administrative expense claim will result in the denial of administrative expense treatment for such claim, unless the movant can show that it did not have proper notice; and it is further

**ORDERED**, that proof of Chapter 11 Administrative Claims need not be filed on or prior to the Chapter 11 Bar Date for the following types of claims:

a. any proof of a Chapter 11 Administrative Claim that has already been filed against the Debtor as a Chapter 11 Administrative Claim in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form 410 or the form annexed as Exhibit B with respect to such filed Chapter 11 Administrative Claim;

b. any Chapter 11 Administrative Claim that previously has been allowed by Order of this Court;

c. any Chapter 11 Administrative Claim that has been paid in full;

d. any Chapter 11 Administrative Claim for which a different deadline has previously been fixed by this Court;

e. any Chapter 11 Administrative Claim of any professional who has filed a final fee application in the Debtor's case;

f. any Chapter 11 Administrative Claim of any taxing authority;

g. any special charges or fees of the Clerk of the Court; and/or

      h. any administrative expense claim asserted by the United States Trustee under section 1930(a)(6) of Title 28, United States Code;

and, it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before the date of this Order, must file a proof of claim based on such rejection on or before the Chapter 11 Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and, it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of Chapter 11 Administrative Claims that fail to comply with this Order by timely filing a proof of such Chapter 11 Administrative Claims in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of distribution; and, it is further

**ORDERED**, that the Bar Date Notice, substantially in the form annexed to the Application as <u>Exhibit C</u>, is approved and shall be deemed adequate and sufficient notice of the Chapter 11 Bar Date if served by first-class mail at least thirty-five (35) days prior to the Chapter 11 Bar Date to:

    i. the United States Trustee;

    ii. all persons or entities that have requested notice in this Chapter 11 case;

    iii. all professionals employed by the Debtor by Order of the Court;

    iv. all persons or entities that have filed claims against the Debtor's estate;

    v. all creditors or other known holders of claims, including all persons or entities listed in the Debtor's schedules (and any amended schedules) as holding claims;

      vi.     all parties to executory contracts and unexpired leases of the Debtor (if any);

      vii.    all known parties to litigation with the Debtor (if any);

      viii.   the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Clerk); and

      ix.     such additional persons and entities as deemed appropriate by the Trustee;

and, it is further

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and, it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Trustee to dispute, or assert offsets or defenses against, any proof of Chapter 11 Administrative Claim that is filed as to nature, amount, liability, classification or otherwise.



Dated: July 17, 2025  
Brooklyn, New York

_____  
**Nancy Hershey Lord**  
**United States Bankruptcy Judge**