**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Gregory M. Messer, Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 5116.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

PETER JULIAN DEPAOLA,

Chapter 7
Case No. 23-42634 (NHL)

Debtor.
------------------------------------------------------------------x

**THE CHAPTER 7 TRUSTEE'S REPLY TO THE AFFIRMATION IN OPPOSTION TO THE CHAPTER 7 TRUSTEE'S MOTION SEEKING THE APPROVAL OF THE STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND DEBTOR SETTLING THE ESTATE'S INTEREST IN AND TO THE REAL PROPERTY KNOWN AS, AND LOCATED AT, 7921 NARROWS AVENUE, BROOKLYN, NEW YORK AND FOR RELATED RELIEF**

TO    THE HONORABLE NANCY HERSHEY LORD
       UNITED STATES BANKRUPTCY JUDGE:

Gregory Messer, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Peter Julian DePaola ("Debtor") estate, by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this reply ("Reply") to the affirmation in opposition ("Opposition") filed by Sunrise Holdings Trust ("Sunrise") [ECF No. 171] to the motion ("Motion")[1] seeking approval, pursuant to Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), of the Stipulation and Order by and between the Trustee and the Debtor settling the estate's interest in and to the Property known as, and located at, 7921 Narrows Avenue,

---

[1] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Stipulation.

1

Brooklyn, New York, and such other, further and different relief as this Court deems just and proper, and respectfully states as follows:

## RELEVANT FACTUAL BACKGROUND

1. Pursuant to the Order entered on March 28, 2025 ("Sale Procedures Order"), the Court approved, among other things, the settlement with the Debtor's wife, Loredana DePaola ("Wife") for the consensual sale of the Property, the terms and conditions of the public sale of the Property and the Notice of Sale. See ECF No. 138. Under the settlement with the Wife, the Trustee and the Wife agreed to, among other things, a 50/50 split of the net proceeds of the sale of the Property.

2. Pursuant to the Sale Procedures Order, from Monday, June 9, 2025, through Wednesday, June 11, 2025, the Trustee, through its retained real estate broker, Maltz Auction Inc. ("Maltz"), conducted an online auction for the sale of the Property under Bankruptcy Code section 363(b) and (f) ("Public Auction"). See ECF No. 138. The highest and best offer for the Property received at the Public Auction was $3,200,000 submitted by Sunrise ("Highest Bid").

3. After the Public Auction, the Trustee, in his sole discretion, elected not to proceed with the confirmation of the sale of the Property to Sunrise. The Sale Procedures Order expressly states that "[t]he Trustee is authorized to proceed with the 363 Sale of the Property, provided, however, the 363 Sale of the Property shall remain subject to the entry of the Sale Confirmation Order, which shall be required as a condition to approval of any such 363 Sale." See ECF No. 138, ¶ 11.

4. The hearing to consider the confirmation of the 363 Sale was scheduled for July 18, 2025, at 9:30 a.m. At the hearing, the Trustee, through counsel, advised the Court that he did not intend to proceed with the confirmation of the sale given the amount received at the Public

Auction. Notably, Sunrise did not appear at this hearing and/or request Court intervention regarding the Public Auction[2].

## TRUSTEE'S REPLY TO THE OPPOSITION OF SUNRISE

5. First, Sunrise, as bidder at the Public Auction of the Property, does not have standing to object to the proposed settlement between the Trustee and the Debtor. Sunrise is not a creditor of this estate, and the case law is clear that Sunrise does not have standing to object to a sale or settlement Order.

6. Specifically, Bankruptcy Court for the Southern District of New York has stated that frustrated bidder that is not a creditor lacks standing to object to a sale or a settlement order. In re Fairfield Sentry Ltd., 539 B.R. 658, 666 (Bankr. S.D.N.Y. 2015); Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 608 B.R. 165, 178-79 (Bankr. S.D.N.Y. 2019); Linett v. Hebrank (In re Linett), 2023 Bankr. LEXIS 2980, at *9 (B.A.P. 9th Cir. Dec. 20, 2023). "An aggrieved prospective bidder does not have standing to appeal a sale or settlement order." Linett, 2023 Bankr. LEXIS 2980, at *9. Courts have stated that, "in the context of a sale or other disposition of estate assets, . . . disappointed prospective bidders who are not creditors usually do not have standing to appeal." Linett, 2023 Bankr. LEXIS 2980, at *9; Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani), 325 B.R. 282, 290 n.13 (B.A.P. 9th Cir. 2005). A bidder is not within the "zone of interests intended to be protected" under the bankruptcy statutes. In re AIO US, Inc., 2025 Bankr. LEXIS 1369, at *25-26 (Bankr. D. Del. June 6, 2025). Accordingly, the only instance in which a bidder would have standing to challenge a sale or a settlement order is

---

[2] Weeks before the July 18, 2025 hearing, Maltz advised Sunrise, both verbally and in writing, that the Trustee was not proceeding with the confirmation of the sale of the Property and sought to return the funds.

when a bidder calls into question the "intrinsic fairness" of the sale process. AIO, 2025 Bankr. LEXIS 1369, at *28.

7. Second, after the Public Auction, the Trustee, with the assistance of his retained professionals, evaluated the economics of the Highest Bid received at the Public Auction and, in his sole discretion, elected not to proceed with the confirmation of the sale. Indeed, the Trustee cannot be forced to confirm a sale that would not bring about the best results for the estate, its creditors, the Debtor and his family.

8. Specifically, the Settlement Sum of $1,400,000 offered by the Debtor realizes greater value to the estate and its creditors as compared to the Highest Bid of $3,200,000, which would only procure approximately $994,000 in net proceeds to the estate. Equally as important, the sale of the Property to Sunrise would require the Trustee to remove the family from the Property.

9. Conversely, the proposed Stipulation realizes a great financial benefit to the estate and its creditors and allows the Debtor and family to remain at the Property. Therefore, the Trustee, in his business judgment, determined to proceed with the settlement of the estate's interest in and to the Property as opposed to a sale that would require a 50% split of the net sale proceeds and the removal of the Debtor and his family from the property. It is clear that the proposed settlement is the higher and better offer received and is in the best interest of the estate and all interested parties involved.

10. It is also worth noting that none of the other creditors, all of whom have standing and an interest in the outcome, did not file an objection to the proposed settlement or support this Opposition.

**WHEREFORE** the Trustee respectfully requests that the Court overrule the Opposition, and grant the relief requested in the Motion and such other and further relief as it deems just and proper.

Dated: July 25, 2025
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Gregory M. Messer, Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
     Jacqulyn S. Loftin, Esq.
     3305 Jerusalem Avenue, Suite 201
     Wantagh, New York 11793
     Telephone: 516.826.6500