**LPG&M**

**LAZARE POTTER GLAZER & MOYLE LLP**

747 THIRD AVE, FLOOR 16
NEW YORK, NEW YORK 10017
T: 212.758.9300
F: 212.888.0919
LPGMLAW.COM

Direct: (212) 784-3295
afelix@lpgmlaw.com

November 3, 2025

**By ECF**

Honorable Nancy Hershey Lord
U.S. Bankruptcy Court, EDNY
Conrad B. Duberstein Courthouse
271-C Cadman Plaza East - Suite 1595
Brooklyn, NY 11201-1800

> **Re:** ***In re Peter Julian DePaola, Case No. 1-23-42634-nhl***
> **Motion for Entry of Order Compelling Compliance with Rule 2004
> Subpoenas**

Dear Judge Lord:

We represent one of the creditors, Thea Francesca D'Adamo ("D'Adamo"), in connection with the above-referenced bankruptcy matter. We write in connection with the November 11, 2025 hearing relating to D'Adamo's Motion for Entry of Order Compelling Compliance with Rule 2004 Subpoenas, dated May 9, 2024 (ECF Nos. 61, 94) compelling (i) the Debtor (the "Debtor" or "Peter"); (ii) DePaola Trading, Inc. ("DePaola Trading"); (iii) Loredana DePaola ("Loredana"); (iv) Angela Grigoli ("Grigoli"); (v) PTR, Inc. ("PTR"); and (vi) Dinosaur Financial Group, LLC ("Dinosaur Financial") (collectively, the "Examinees") to comply with this Court's Order Granting Application for an Order Authorizing Thea Francesca D'Adamo to Conduct a 2004 Examination of Witnesses and Seek Related Document Production (Dkt. No. 47), (the "Order") and with the Subpoenas and Request for Production of Documents issued to the Examinees pursuant to such order (the "Motion to Compel").[1]

At the last hearing on July 31, 2025, we advised the Court that the parties were working diligently to resolve the outstanding discovery issues. At that time, Your Honor requested that we provide a status update as to the status of such discussions prior to the

---

[1] The Court is respectfully referred to the Motion, Reply, and the Subpoenas and other exhibits attached therewith at Dkt. 61 and 94. The Motion and Reply are fully incorporated herein.

next hearing, and we respectfully submit this letter to provide such an update and identify the remaining outstanding issues.

Since July, we have met and conferred with the Trustee and counsel for Dinosaur Financial. At this point, and notwithstanding the issues raised in the Motion to Compel, the motion is resolved as to PTR, Dinosaur Financial, Grigoli, and Loredana.

Since the last hearing, and in an effort to resolve this matter, we significantly narrowed down the requests in the Subpoena as to the Debtor and DePaola Trading and sought only the most critical documents, i.e. bank and account statements. Though the Debtor and DePaola Trading have produced some documents, there remain serious deficiencies with their document productions.

By way of background, and as demonstrated in the Motion to Compel, for nearly two decades, the Debtor was one of the most successful options brokers on Wall Street and was the sole owner of one of the most successful options brokerage firms on the AMEX/NYSE Floor, DePaola Trading that earned the Debtor millions of dollars in annual compensation. Documentary and testimonial evidence obtained in a FINRA arbitration – including from the Debtor himself – confirm these facts. However, and despite earning tens of millions of dollars over the course of his lucrative career, the Debtor claims that, as of the Petition Date, he had one bank account with only $40,000 and has no meaningful assets except for his home. On information and belief, the Debtor has improperly transferred and/or is concealing assets from the Court and his creditors, and as such, we seek bank and account statements that would show the flow of the Debtor's funds and assets.

The sampling of statements that have been produced in late 2020 (after an arbitration filed against D'Adamo and her firm, TradeMas, which was dismissed in its entirety and which litigation we believe was bankrolled by the Debtor and after the arbitration between D'Adamo, the Debtor, and DePaola Trading) show transactions following what we believe was the Debtor's efforts to make himself "judgment proof." The bank accounts that have been produced show money is deposited, they are almost immediately transferred out. For example, in September 2020, approximately $118,000 was deposited, and $113,000 was withdrawn and/or transferred out. Similarly, in October 2020, approximately $98,000 was deposited, and $103,000 was withdrawn and/or immediately transferred out.

Though the Debtor has produced some bank statements, they are incomplete. Specifically, the bank statements from 2020 – which is a key time period – are missing. The Debtor also claims that funds from his personal bank accounts were transferred to "Interactive Brokerage." However, he has produced no documents or account statements that show the flow of funds from his bank accounts to Interactive Brokerage and/or any documents relating to Interactive Brokerage.

In addition, DePaola Trading only produced bank statements in select months in 2022 and 2023. However, the bank statements of DePaola Trading beginning from

September 2016 are critical in order for D'Adamo to trace the accounts to which the Debtor's compensation was being deposited.

Accordingly, D'Adamo requests that the Debtor and DePaola Trading be compelled to produce the following:

(i) Mr. DePaola's personal Citibank statements from January - June 2020;

(ii) DePaola Trading's complete bank statements from January 2016 through December 2023;

(iii) Account statements from the Debtor's Interactive Brokerage from January 2016 through December 2023.

We would be pleased to address any questions by Your Honor at the February 20th conference. Thank you for your continued assistance in this matter.

Respectfully submitted,

Anna Pia D. Felix